## PORTER v. PIERCE.

The payee, when he took a negotiable note, agreed in writing with the maker that he would transfer the note to a third person, if on settlement he was found to be indebted to that third person.

*Held*, that the agreement was collateral to the note, and could not be set up in defence to an action upon it.

ASSUMPSIT, on the following promissory note.

"Chesterfield, March 1, 1847.

"For value received, I promise to pay O. B. Huggins, or order, forty-two dollars sixty-seven cents, on demand, with interest annually, in six months.

(Signed)          E. P. PIERCE, Jr."

Indorsed, O. B. Huggins.

On the general issue, it appeared that the note was indorsed after it was overdue.

E. P. Pierce, senior, was introduced as a witness, by the defendant, and proved a writing signed by Huggins as follows:

"March 1, 1847.

"This certifies that I agree to let E. P. Pierce have a note I hold against E. P. Pierce, jr., if, on settlement, any thing shall be found said E. P. Pierce's due from me.

(Signed)          O. B. HUGGINS."

He also testified that he received this paper from his son, E. P. Pierce, jr. Before he received it, Huggins, who had been his partner, told him he had a claim against his son, and had a difficulty in settling with him, and sent word by the witness to his son, that if he, E. P. Pierce, jr., would settle with him, he would turn the note out to the witness. He said he had not settled with Huggins, but he believed there was a balance due from Huggins to him.

It appeared that the last dealings of E. P. Pierce and Huggins were in 1837. To show that Pierce's claims were not barred by the statute of limitations, a writing was produced, signed by Huggins, as follows:

"This certifies that we hereby agree not to take any advan-

tage, in a settlement of the affairs of the late firm of Pierce and Huggins, and Richardson and Huggins, in case any of the papers of said firm shall become·outlawed.

(Signed)　　　　　O. B. HUGGINS.
　　　　　　　　　　E. P. PIERCE."

The plaintiff objected to the admission of this paper; but it was admitted. He also objected that the writing signed by Huggins, March 1, 1847, and produced by E. P. Pierce, was inadmissible to defeat the plaintiff's claim on the note. The court admitted the paper, and charged the jury, that, to make this agreement available as a defence to the note, they must find it to have been made at the same time with the note.

The jury found a verdict for the defendant, which the plaintiff moved to set aside.

*Carleton*, for the plaintiff.

*Cushing*, for the defendant.

PERLEY, J. On this case it must be taken for a fact found by the jury, that the note declared on and the writing signed by Huggins, were made at the same time.

Verbal evidence was inadmissible to control or vary the terms of the written agreement. But as the writing does not show, on its face, with whom it was made, and as it appears to have been for the benefit of Pierce, senior, though delivered to his son, the parol evidence was competent to explain that fact, if it were material, and show that the agreement was made with the defendant.

But this agreement of Huggins, whether made with the defendant or his father, is collateral to the note, and cannot be set up to defeat this action. The note is a valid, negotiable security given on sufficient consideration. This is a contemporaneous agreement of the payee, that he will let a third person have the note, if, on settlement, any thing shall be found due from the payee to that third person. There is nothing in the agreement, from which it can be inferred that the note was to·be avoided, or defeated on any contingency. If, on the settlement contemplated,

the payee should be found indebted to the father, then he was to let the father have the note in payment of, or as security for, what the payee might owe him. In that case the defendant would be bound to pay the note to his father, the holder, according to its tenor. On the other hand, if the settlement should show that nothing was due from the payee to the father, the note would of course be payable, according to its tenor, to the payee or his indorsee. The note is to be paid absolutely; and at all events the agreement is nothing more than a collateral undertaking, that on a certain contingency the payee will indorse and transfer it to a particular third person. Even if the agreement had been positive to forbear collection of the note, the note would still have been payable according to its terms, and an action on it could not have been defeated by the agreement. *Dow* v. *Tuttle*, 4 Mass. 414; *Shed* v. *Pierce*, 17 Mass. 629.; *Kimball* v. *Grover*, 11 N. H. Rep. 375.